IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JONATHAN W. BOHN, 475159, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 23-cv-03350-JPG |
| ) | |
| OFFICER BRIGGS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Jonathan Bohn, an inmate at St. Clair County Jail ("Jail"), brings this action under 42 U.S.C. § 1983. (Doc. 1). According to his Complaint filed October 10, 2023, Plaintiff was subjected to an unprovoked, intrusive, and humiliating search by Officer Briggs, who allegedly shoved his ungloved hands into Plaintiff's pockets and groped his genitals in front of other inmates and staff on September 30, 2023. *Id*. Plaintiff brings a claim against the officer under the Eighth or Fourteenth Amendment. *Id*. He requests relief that includes a temporary restraining order and/or preliminary injunction prohibiting destruction of video footage of the incident and staff retaliation. *See* FED. R. CIV. P. 65.

The Complaint is before the Court for screening under 28 U.S.C. § 1915A, which requires the Court to review prisoner complaints and filter non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

**Discussion**

Based on the allegations, the Court deems it appropriate to designate a single count in the *pro se* Complaint:

**Count 1:**   Eighth or Fourteenth Amendment claim against Officer Briggs for an unprovoked, intrusive, and humiliating bodily search that occurred on or around September 30, 2023.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

**Count 1**

The applicable legal standard for Plaintiff's claim depends on his status as a convicted person or a pretrial detainee on September 30, 2023.  The Eighth Amendment guards against cruel and unusual punishment of convicted persons, while the Fourteenth Amendment Due Process Clause prohibits all forms of punishment of pretrial detainees.  U.S. CONST. amends. VIII, XIV; *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  A prison official's use of calculated harassment or force that serves no penological purpose supports a claim under the Eighth Amendment and the Fourteenth Amendment.  *See Hudson v. McMillon*, 503 U.S. 1, 6-7 (1992); *Hudson v. Palmer*, 468 U.S. 517, 530 (1984).  In the Eighth Amendment context, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson v. McMillon*, 503 U.S. at 6-7.  A Fourteenth Amendment claim arises from restrictions against a detainee that are not reasonably related to a legitimate penological purpose.  *Bell v. Wolfish*, 441 U.S. at 536-37.  The allegations articulate a claim against

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Officer Briggs under both standards,[2] so Count 1 survives screening under § 1915A.

### Filing Fee

Plaintiff commenced this action without prepaying the $402.00 filing fee or filing a motion for leave to proceed *in forma pauperis* (IFP motion). He has been ordered to pay the entire fee or file an IFP motion on or before November 13, 2023, and he is again **WARNED** that failure to do so shall result in dismissal of this action without prejudice. *See* Doc. 2 (citing FED. R. CIV. P. 41(b); *Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir. 1998)).

### Request for TRO and/or Preliminary Injunction

Plaintiff seeks a TRO or preliminary injunction that prohibits the defendant from destroying evidence and retaliating against him. *See* FED. R. CIV. P. 65(a)-(b). To obtain this relief, Plaintiff must demonstrate the following: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the relief. *Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014) (citing *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007)). If those three factors are shown, the court must balance the harm to each party and the public interest from granting or denying the injunction. *Id.*

A court order prohibiting the destruction of evidence and retaliation is not warranted. The parties already have a duty to preserve documentary and electronic evidence in anticipation of litigation. *See* FED. R. CIV. P. 37(e). And, Plaintiff has pointed to no threat of retaliation or actual retaliation he has suffered as a result of this litigation or otherwise. The Court cannot grant this drastic form of relief based entirely upon speculation.

---

[2] Although Plaintiff's exact legal status and the applicable legal standard is unclear from the face of the Complaint, the parties can use discovery to determine whether the plaintiff was a pretrial detainee or prisoner on September 30, 2023.

Should his situation change, Plaintiff may file a new motion during the pending action. If he does so, Plaintiff should set forth his exact request for relief and the facts that support the request. Plaintiff's request for a TRO and/or preliminary injunction is **DENIED with prejudice**.

### Disposition

The Complaint (Doc. 1) survives screening pursuant to 28 U.S.C. § 1915A. **COUNT 1** will proceed against Defendant **OFFICER BRIGGS**, in an individual capacity. **Pursuant to Administrative Order No. 244, Defendant Officer Briggs need only respond to the issues stated in this Merits Review Order.**

As to **COUNT 1**, the Clerk of Court shall prepare for Defendant **OFFICER BRIGGS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether

his application to proceed *in forma pauperis* is granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made for leave to proceed without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of documents and may result in dismissal of this action.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: 10/12/2023          s/J. Phil Gilbert
                           **J. PHIL GILBERT**
                           **United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve him or her with a copy of your Complaint. After service has been achieved on the defendant, he or she will enter an appearance and file an Answer to your Complaint. It will likely take at least 60 days from the date of this Order to receive the Answer, but it is entirely possible that it will take 90 days or more. When the defendant has answered, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions. Motions filed before the defendant's counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.